# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GARY CHRISTOPHER JOHNSON, <br><br> *Defendant*. | CIVIL NO. 3:08–cr–00010 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the court upon Defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Defendant was sentenced to life imprisonment for charges related to a theft and murder he committed when he was 16 years old. He seeks relief under *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held (as explained more accurately below) that mandatory life sentences for juveniles violate the Eighth Amendment, and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which held that *Miller* involved a substantive right retroactively applicable on collateral review. After review of the record and the parties' arguments, the Court concludes *Miller* and *Montgomery* require Defendant's petition be granted so that he can be resentenced in accordance with the Eighth Amendment.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 2006, Defendant, as a juvenile, stole drugs, drug money, a gun, and a car from his cousin's house, where he had been living. As he and an accomplice absconded as part of a plan to travel to New York from Virginia, the cousin's live-in girlfriend pursued them in a separate car. Defendant stopped his stolen vehicle and, as the girlfriend approached, shot and killed her.

In 2008, the Government obtained a four count indictment for (1) possession of a stolen gun, (2) conspiracy to possess cocaine with intent to distribute it, (3) distribution of cocaine, and

1

(4) carrying and using a firearm in relation to a drug trafficking offense, resulting in the death of another. (Dkt. 1). Defendant was tried by jury and found guilty on all counts. (Dkt. 42). The probation office calculated that the Sentencing Guidelines called for life imprisonment. (Dkt. 52 ¶ 40). The Court sentenced him 120 months, 240 months, 240 months, and life imprisonment, respectively, on the four counts, all to run concurrently. (Dkt. 48)

In 2013, Defendant sought habeas relief from his life sentence based on *Miller*. (Dkt. 81). *Miller* established the requirement that juveniles, before being sentenced to life without parole, must receive "individualized sentencing decisions" in which judges "must have the opportunity to consider mitigating circumstances before imposing the harshest possibility penalty for juveniles." *Id.* at 2475. The parties, after counsel was appointed to Defendant, briefed the motion, but the case was stayed in favor of the resolution of relevant cases pending before the superior courts.

On January 25, 2016, the United States Supreme Court held in *Montgomery* that *Miller*'s prohibition against the imposition on a juvenile defendant of a life sentence without the possibility of parole was retroactive on collateral review. *Montgomery*, 136 at 729. *Montgomery* explained that "*Miller* determined that sentencing a child to life without parole is excessive for all but the rare juvenile offender whose crime reflects irreparable corruption." *Id.* at 733 (internal quotation marks omitted). The Court acknowledged "that a sentencer might encounter the rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified." *Id.* But before a life without parole sentence could be imposed, "[a] hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not." *Id.* at 735 (citation omitted).

This Court ordered the parties to file short supplemental briefs in light of *Montgomery* and to otherwise summarize their positions. They have done so, and the petition is ripe for decision.

## II. DISCUSSION

*Miller* and *Montgomery* establish a substantive rule of constitutional law: The Eighth Amendment prohibits sentencing a defendant who was under 18 at the time of his crime to life imprisonment, *unless* the sentencing court first takes account of the defendant's youthfulness and nevertheless finds he is irreparably corrupt. *See Miller*, 132 S. Ct. at 2460, 2468-69, 2471 ("Our decision does not categorically bar a penalty for a class of offenders or type of crime," but rather "mandates only that a sentence follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty"); *Montgomery*, 135 S. Ct. at 726 ("a lifetime in prison is disproportionate sentence for all but the rarest of children, those whose crimes reflect 'irreparable corruption.'"), 733 ("*Miller* requires that before sentencing a juvenile to life without parole, the sentencing judge take into account 'how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.'"), 734 (*Miller* "required sentencing courts to take children's age into account before condemning them to die in prison"). Put another way, if a State or the federal government wish to obtain a life sentence for a juvenile, they must secure from the sentencing court a determination that the defendant is beyond redemption, even after taking account of the indiscretions of youth. *See Miller*, 132 S. Ct. at 2464 (cataloguing "three significant gaps between juveniles and adults" that merit consideration).

To be sure, *Miller* phrased this rule in regards to "mandatory" life sentences (not sentences where a court could give a non-life sentence but opts not to), a point on which the

3

Government places emphasis. (Dkt. 98 at 4-5).[1] But that language is simply judicial shorthand for the proposition that the failure to take account of youthfulness when sentencing a juvenile to life imprisonment violates the Eight Amendment, as demonstrated by the quotations above. While *Miller* and *Montgomery* considered cases where statutory schemes made a life sentence mandatory, these statutes are just one manifestation of a broader constitutional defect: The failure to take proper account of youthfulness in life sentencing. So, absolutist statutes like those in *Miller* and *Montgomery* are facially unconstitutional. But a particular life sentence (even one stemming from a sentencing regime that permits a non-life sentence) would be unconstitutional as-applied if the sentencer did not abide by the commands of *Miller* and *Montgomery*.

Once *Miller*, *Montgomery*, and their underpinning principles are understood, then, this habeas petition can be easily resolved.[2] Obviously, the Court at sentencing in 2009 did not have the benefit of *Miller*'s and *Montgomery*'s guidance. That point alone cuts in favor of resentencing. The Sentencing Guidelines that applied when he was sentenced in March 2009 (and which the Court considered) stated that "[a]ge (including youth) is not ordinary relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.1 (2008 ed.); *see also id*. § 5H1.12. That presumption is directly at odds with *Miller* and *Montgomery* in a case, like this

---

[1] The Government made this argument (before *Montgomery* was decided) in the form of a statute of limitations defense. As both this Court and the Fourth Circuit have recently held, asserting a 28 U.S.C. § 2255(f)(3) defense on the premise that the right at issue does not reach Defendant's case merely dresses a merits argument in a statute of limitation's clothing. *See In re Hubbard*, -- F.3d --, No. 15-276, 2016 WL 3181417, at *4 (4th Cir. June 8, 2016) ("The government is making a merits argument: its contention that the *Johnson* rule does not render similar language in a closely related provision unconstitutional is an argument about the proper *application* of the new rule in *Johnson*.") (emphasis in original); *United States v. Winston*, No. 3:01-CR-00079, 2016 WL 2757451, at *2-3 (W.D. Va. May 11, 2016).

[2] Such understanding also dispels the Government's assertion in supplemental briefing that *Miller*'s does not mean "that sentencing courts are required to consider a juvenile's youth and attendant characteristics." (Dkt. 103 at 3). On the contrary and as explained above, that is *precisely* what *Miller* and *Montgomery* mean in a case where a juvenile defendant would otherwise be sentenced to life imprisonment.

4

one, where the baseline sentenced under the Guidelines was life imprisonment. A similar point holds true regarding Guideline § 5H1.3, instructing that mental and emotional conditions of the offender should generally not be taken into consideration. *See Miller*, 132 S. Ct. at 2464 (discussing juveniles' inherent "lack of maturity," "underdeveloped sense of responsibility," gullibility, and malleable character traits); *compare id*. (children "have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings") *with* U.S.S.G. § 5H1.6 ("family ties and responsibilities are not ordinarily relevant" in assessing sentencing departures).

Likewise, in pronouncing sentence, the Court stated it took into consideration the factors listed in 18 U.S.C. § 3553(a), in addition to the aforementioned Sentencing Guidelines. (Dkt. 98-1 at 48 (Sentencing Transcript)). But the factors in that statute likewise do not account for the highly specific considerations required in cases to which *Miller* and *Montgomery* apply.

After *Montgomery* was decided, the Government in supplemental briefing argued that *Miller* and *Montgomery* provide merely procedural, rather than substantive, protection. (Dkt. 103 at 3). In other words, the Government contends that "the new procedural rule announced in *Montgomery* cannot be considered retroactive," and thus no relief (including resentencing) can be granted. (*Id*. at 4). The Supreme Court has already rejected the attempt to cast the Eighth Amendment right at issue here as a mere procedural rule:

> *Miller* announced a substantive rule of constitutional law. . . . Louisiana nonetheless argues that *Miller* is procedural because it did not place any punishment beyond the State's power to impose; it instead required sentencing courts to take children's age into account before condemning them to die in prison . . . .
>
> To be sure, *Miller*'s holding has a procedural component. *Miller* requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence. Louisiana contends that because *Miller* requires this process, it must have set forth a procedural rule. This argument, however, conflates a procedural requirement

5

necessary to implement a substantive guarantee with a rule that "regulate[s] only the *manner of determining* the defendant's culpability." There are instances in which a substantive change in the law must be attended by a procedure that enables a prisoner to show that he falls within a category of persons whom the law may no longer punish . . . .

The procedure *Miller* prescribes is no different. A hearing where "youth and its attendant characteristics" are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not. The hearing does not replace but rather gives effect to *Miller*'s substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity.

*Montgomery*, 136 S. Ct. at 734-35 (internal citations omitted) (emphasis in original).

For all the foregoing reasons, the Court concludes that Defendant's petition must be granted so that he may be resentenced at a hearing compatible with the Eighth Amendment, as expounded in *Miller* and *Montgomery*. An appropriate order will issue. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this  28th  day of June, 2016.

                                                                              NORMAN K. MOON
                                                                              UNITED STATES DISTRICT JUDGE