CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:08-CR-00010 |
| v. | MEMORANDUM OPINION |
| GARY CHRISTOPHER JOHNSON, | JUDGE NORMAN K. MOON |
| *Defendant*. | |

Petitioner Gary Christopher Johnson, a federal inmate proceeding *pro se*, moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. 137 (habeas corpus petition). Johnson argues that (i) he is actually innocent of one of his four counts of conviction, and that (ii) he suffered ineffective assistance of counsel when his attorney allegedly failed to appeal the judgment in his case.

However, the Court cannot evaluate the merits of Johnson's claims because his petition is untimely. Moreover, neither statutory nor equitable tolling applies to justify our consideration of the late petition. Accordingly, the Court will **DENY** Johnson's petition, Dkt. 137, and **GRANT** the United States' motion to dismiss, Dkt. 150, in an accompanying order.

## I. Introduction

In 2008, Johnson was convicted of four offenses arising from drug trafficking, the theft of a firearm, and the murder of Katherine Danielle Howard, as follows:

(i) Count One: Possessing a stolen firearm, in violation of 18 U.S.C. § 922(j).

(ii) Count Two: Conspiracy to possess with intent to distribute and to distribute cocaine,

in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

(iii) Count Three: Distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

(iv) Count Four: Carry and use of a firearm during and in relation to a drug trafficking and, in the course of doing so, intentionally murdering Katherine Danielle Howard; in violation of 18 U.S.C. §§ 924(c)(1) and 924(j).

*See* Dkts. 1 (Indictment), 42 (Jury Verdict Form). Johnson was originally sentenced to life imprisonment, but his sentence was later reduced—due to an intervening change in the law—to 600 months. *See* Dkts. 48 (Judgment), 121 (Corrected Amended Judgment). Johnson now petitions the Court to set aside his sentence based on two arguments, both of which are spurious.

First, he argues that he is actually innocent of his conviction in Count Four—"Use of a Firearm during and in Relation to a Drug Trafficking Crime which Caused the Death of Another Person," 18 U.S.C. § 924(j)—because he was not also charged or convicted with the use of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c), as § 924(j) requires. Johnson makes this argument despite the Indictment and the Jury Verdict form plainly charging and convicting him of violating § 924(c).[1] Second, he argues that he suffered ineffective assistance of counsel when his attorney failed to file a notice of appeal.

## II. Legal Standard

To state a viable habeas corpus claim under Section 2255, a petitioner must prove that (1)

---

[1] *See* Dkt. 1 at 3 (Count Four of Indictment, stating that Johnson "did knowingly carry and use a firearm, . . . in relation to a [federal] drug trafficking crime . . . in violation of Title 18, United States Code, Section 924(c)(1)."); Dkt. 42 at 2 (Count Four of Jury Verdict form, stating that Johnson was found guilty of "Carrying and using a firearm, during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1); and in the course of this violation caused the death of a person through the use of a firearm, in that the defendant, with malice aforethought, did unlawfully kill Katherine Danielle Howard, by shooting her willfully, deliberately, maliciously, and with premeditation; all in violation of Title 18, United States Code, Sections 924(c)(1) and 924(j).")

his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To be considered timely, a petitioner must file his motion within one year from the date on which his judgment becomes final. 28 U.S.C. § 2255(f)(1). Where, as here, a petitioner did not appeal, his judgment becomes final when the time for filing an appeal expires, which is fourteen days after entry of the judgment. *Clay v. United States*, 437 U.S. 522, 532 (2003); Fed. R. App. P. 4(b)(1)(A)(i). However, a court may nonetheless consider an untimely petition if one of three statutory exceptions applies to extend the statute of limitations period, or if equitable tolling applies. *See* Part III, *infra* (discussing extensions of time under 28 U.S.C. 2255(f) and equitable tolling).

### III.   Discussion

As our decision turns on timeliness, we begin with a chronology of events. The Court issued the Corrected Amended Judgment in this case on March 24, 2017. Dkt. 121. Johnson did not appeal, so the judgment became final fourteen days later, on April 7, 2017. Johnson's one-year limitation period for seeking habeas relief commenced on that date. The limitation period then expired one year later, on or about April 07, 2018. Johnson filed the instant petition on January 29, 2024, more than six years later. Therefore, Johnson's petition is untimely unless a statutory or equitable exception applies. Johnson asserts that both statutory and equitable exceptions apply, but the Court disagrees, as explained below.

### A.   No Statutory Exception Applies

Section 2255(f) provides that the one-year statute of limitations may be tolled if: (1) "governmental action in violation of the Constitution or laws of the United States" created an

3

"impediment" that prevented a defendant from filing his motion; (2) the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) new facts emerge that support a claim, and the claim is made within one year of the date on which the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4). Under any of those circumstances, a petitioner has one year from the date of the circumstance occurring to file his petition. *Id.*

Johnson asserts the first exception under Section 2255(f) applies to him—that "governmental action" created an "impediment" which prevented him from filing his motion. Dkt. 142 at 13; *see* 28 U.S.C. § 2255(f)(2). Johnson argues that the impediment in his case was his counsel's alleged failure to file an appeal, and her general "abandonment" of his case. Dkt. 142 at 4-5.

However, as a matter of law, the actions of Johnson's defense counsel—ineffective or otherwise—do not constitute "governmental action." *See Horne v. U.S.*, 2023 WL 5836691 (M.D.N.C. July 11, 2023), *report and recommendation adopted*, 2023 WL 5834801 (M.D.N.C. Sept. 8, 2023) (collecting cases).[2] Johnson provides no authority, and we are aware of none, to support the contention that his private attorney, Michele Friedman, was a governmental actor. To

---

[2] *See, e.g., United States v. Wiseman*, 767 F. App'x 696, 700 (10th Cir. 2019) ("The lack of legal training or counsel is not an impediment under § 2255(f)(2)." (italics omitted)); *Webb v. United States*, 679 F. App'x 443, 449 (6th Cir. 2017) (rejecting contention that counsel's failure to consult with defendant after entry of judgment constituted "governmental action' that prevented him from making his § 2255 motion on time" (quoting 28 U.S.C. § 2255(f)(2))); *Jaramillo v. United States*, 2020 WL 3001783, at *4 (D. Ariz. May 11, 2020) (unpublished) ("Defense counsel, regardless if employed or paid by the government, is the defendant's agent, not the Government's. Such [counsel's] incompetence, assuming it occurred, is not the type of governmental impediment envisioned [by] § 2255(f)(2)."), *recommendation adopted*, 2020 WL 2991584 (D. Ariz. June 4, 2020) (unpublished); *Muhammad v. United States*, 2018 WL 442802, at *7 (S.D. Miss. Jan. 16, 2018) (unpublished) ("[The petitioner's] ignorance of the law ... does not constitute a government-created impediment.... [Section] 2255(f)(2) is inapplicable."); *Silva-Isais v. United States*, 2014 WL 37245, at *2 (E.D. Cal. Jan. 6, 2014) (unpublished) ("[The petitioner] argues that he was prevented from 'making his motion' due to his counsel's conduct. § 2255(f)(2) applies to situations in which the movant was prevented from making a motion due to governmental action. Thus, § 2255(f) (2) does not apply." (internal citation omitted)); *Ray v. United States*, 2013 WL 6388574, at *3 (M.D. Fla. Dec. 6, 2013) (unpublished) ("[The p]etitioner cannot obtain relief because Section 2255(f)(2) specifically applies to governmental action, not the action or inaction of a petitioner's counsel.")

the contrary, she had a duty to represent Johnson zealously *against* the government. Although she was paid by the Criminal Justice Act, her obligations to oppose the government were in no way diminished by the fact that she was paid by a federal statute—indeed, one which seeks to *incentivize* representation of criminal defendants. "An unconstitutional or unlawful government impediment contemplated by [Section 2255(f)(2)] is more akin to an inability to access a law library or legal materials, or even an inadequate prison law library." *Cornish v. U.S.*, 2014 WL 11474789, at *2 (D. Md. Oct. 27, 2014) (citing cases related to failure to provide legal resources). Here, Johnson's counsel was not a government actor, and therefore any action or inaction on her part does not constitute a governmental impediment that triggers Section 2255(f). Because no statutory exception applies, Johnson's petition is untimely and cannot be considered unless equitable tolling is justified.

### B. Equitable Tolling Does Not Apply

A petitioner may be entitled to equitable tolling where, "due to circumstances external to the party's own conduct," it would be "unconscionable to enforce the limitation period against the party and gross injustice would result*." United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). To establish grounds for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653. Under the Fourth Circuit's "extraordinary circumstances" test, a petitioner is entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Here, Johnson argues that equitable tolling is justified based on (1) his counsel's alleged failure to file an appeal and (2) his claim of actual innocence. Both arguments fail.

### 1. *Failure of Counsel Does Not Justify Equitable Tolling*

Generally, asserting that one's attorney was ineffective is an insufficient basis for applying equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (collecting cases from majority of circuits and declining to toll habeas corpus statute of limitations based on mistake of counsel). Moreover, several district courts in this circuit have specifically held that an attorney's failure to file a direct appeal does not justify equitable tolling. *See Watson v. U.S.*, 2011 WL 13121117 (D.S.C. July 11, 2011) (holding that attorney's failure to file a direct appeal does not justify equitable tolling) (collecting cases).[3] We decline to disagree with these decisions, especially on the facts of this case. Johnson alleges that his attorney failed to file a direct appeal as he requested, but he does not demonstrate how this amounts to "extraordinary circumstances," a substantially high bar. Nor does he demonstrate that he exercised "reasonable diligence" in pursuing his rights. To the contrary, Johnson waited roughly six years for the alleged appeal to materialize, and he adduces no evidence to show that he sought updates from his attorney(s) or the relevant court(s) during this period. Johnson's case is far from the "extraordinary" circumstances that would justify equitable tolling.

Johnson cites to *Holland v. Florida*, but that case only illustrates just how short his claim

---

[3] *See Stevens v. Vaughn*, 2008 WL 2465458, at *2 (E.D. Va. June 16, 2008) ("Assuming that his attorney was ineffective for failing either to properly inform him about his right to appeal or failing to file an appeal on Stevens' behalf, such error by counsel is an insufficient justification for the application of equitable tolling."); *United States v. Padilla*, 478 F. Supp. 2d 865, 869 (E.D. Va. 2007) ("While petitioner asserts that his attorney failed to file a direct appeal or a § 2255 motion, this alone does not 'demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition.' " (citation omitted)); *Broadnax v. Angelone*, 2002 WL 32392670, at *1 (E.D. Va. Sept. 19, 2002) ("Assuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

falls. 560 U.S. 631 (2010). In *Holland*, the Supreme Court held that equitable tolling was available in the context of the analogous time limitation section in 28 U.S.C. § 2254 (state custody habeas corpus), and in doing so it illustrated a set of facts which were indeed extraordinary:

> The record facts that we have set forth . . . suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id*. at 652.

Here, unlike *Holland*, Johnson alleges no communication with his attorney whatsoever. Without such allegations, we find no support for the contention that his attorney's alleged failure was extraordinary or that he pursued his rights diligently. Accordingly, Johnson's claim on this ground does not justify equitable tolling.

### 2. *Actual Innocence Does Not Justify Equitable Tolling*

Second, Johnson argues that equitable tolling is justified because his petition contains a claim of actual innocence. *See* Dkt. 142 at 12 (arguing for equitable tolling based on actual innocence); Dkt. 137 at 13 (merits of actual innocence claim). However, equitable tolling cannot

be justified on the <u>merits</u> of a claimant's petition. This is because "[a]llowing consideration of the merits of time-barred claims . . . lets petitioners effectively circumvent the statute of limitations[,] because the merits of their claims will always be considered." *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003). Accordingly, the Court's consideration of timeliness in this case cannot "depend on," or even consider, "the nature of the claims in the petition." *Id.* Johnson's claim that he is actually innocent of one of his convictions, therefore, has no role in this discussion.

Johnson cites to *Schlup v. Delo*, which expanded the capacity of courts to consider <u>successive</u> habeas petitions when a criminal defendant claims actual innocence. 513 U.S. 298 (1995). But *Schlup* does not apply here, for multiple reasons. First, Johnson's petition is not second or successive.[4] Second, *Schlup* is no longer good law. In enacting the most recent form of the federal habeas statute (the Antiterrorism and Effective Death Penalty Act or "AEDPA"), Congress took "direct aim at *Schlup*'s standard for allowing merits consideration of second or successive petitions" and adopted a more stringent standard. *Charboneau v. Davis*, 87 F.4th 443, 452 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 179 (2024). Under the AEDPA, successive petitions under Section 2255 require that a petitioner show either (1) "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence" that the defendant was innocent, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, Johnson is not a second or successive petitioner, but even if he were, he cannot

---

[4] Notably, Johnson has filed a habeas petition once before. In 2013, Johnson sought habeas relief based on two Supreme Court holdings that applied to his sentence retroactively. Dkt. 81. This Court granted Johnson's petition in light of those decisions and reduced Johnson's sentence accordingly. Dkt. 105. However, Johnson's filing of a habeas petition once before does not make his current petition second or successive, since Johnson brings altogether new claims in the instant petition, none of which the Court considered in his first petition.

satisfy either requirement under Section 2255(h). Indeed, Johnson's actual innocence claim is so wholly without merit that it borders on frivolous.

He argues that he is actually innocent of his conviction in Count Four—"Use of a Firearm during and in Relation to a Drug Trafficking Crime which Caused the Death of Another Person," 18 U.S.C. § 924(j)—because, he alleges, he was not also charged or convicted with the use of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c), as § 924(j) requires. But the indictment and the jury verdict form in his case plainly charge and convict Johnson of violating § 924(c).[5] Count Four of the indictment, for instance, charges that Johnson "did knowingly carry and use a firearm, . . . in relation to a [federal] drug trafficking crime . . . in violation of Title 18, United States Code, Section 924(c)(1)." Similarly, Count Four of the Jury Verdict form states that Johnson was found guilty of "Carrying and using a firearm, during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1); and in the course of this violation caused the death of a person through the use of a firearm, in that the defendant, . . . did unlawfully kill Katherine Danielle Howard, . . . all in violation of Title 18, United States Code, Sections 924(c)(1) and 924(j)." Dkt. 42 at 2. Johnson's claim for actual innocence is therefore without merit.

## IV. Conclusion

In an order that will accompany this memorandum opinion, and for the reasons stated above, the Court will **DENY** Johnson's petition, Dkt. 137, and **GRANT** the United States'

---

[5] *See* Dkt. 1 at 3 (Count Four of Indictment, stating that Johnson "did knowingly carry and use a firearm, . . . in relation to a [federal] drug trafficking crime . . . in violation of Title 18, United States Code, Section 924(c)(1)."); Dkt. 42 at 2 (Count Four of Jury Verdict form, stating that Johnson was found guilty of "Carrying and using a firearm, during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1); and in the course of this violation caused the death of a person through the use of a firearm, in that the defendant, with malice aforethought, did unlawfully kill Katherine Danielle Howard, by shooting her willfully, deliberately, maliciously, and with premeditation; all in violation of Title 18, United States Code, Sections 924(c)(1) and 924(j).")

motion to dismiss, Dkt. 150.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record and to Defendant.

Entered this 14th day of April, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE